Gail M. Kelly
**Conway, Farrell, Curtin & Kelly, P.C.**
48 Wall Street - 20th Floor
New York, New York 10005
Tel: (212) 993-9340
Fax No. (212) 785-7229
Email: gkelly@conwayfarrell.com
*Counsel for Defendant, Liberty Mutual Fire Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACK S. KANNRY and JOYCE F. KANNRY,

                       Plaintiffs,

    -against-

LIBERTY MUTUAL GROUP, INC., acting by
and through its LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

                       Defendant.
-------------------------------------------------------------------X

Case No. 2:14-cv-01539-GRB

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL
SUBMISSION**

GAIL M. KELLY, an attorney duly admitted to practice before this Court affirms the following under penalties of perjury:

1.    I am a member of the law firm of CONWAY, FARRELL, CURTIN & KELLY, P.C., counsel for Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY ("LIBERTY MUTUAL"), in connection with the captioned case. I am fully familiar with the facts and circumstances of this case, such knowledge having been obtained upon my review of the file maintained by this firm in the course of its representation of Defendant.

2.    I submit this Response to Plaintiffs' Supplemental Submission and in further opposition to Plaintiffs' Cross Motion for Summary Judgment and renew LIBERTY MUTUAL's request for an order granting summary judgment in its favor.

3. Although Defendant's motion for summary judgment and Plaintiffs cross motion for summary judgment were fully briefed and submitted as of October 10, 2014, Plaintiffs requested several extensions of time to file supplemental documentation to support their cross motion. Plaintiffs' supplemental submission does not contain any admissible evidence which would support their cross motion. Rather, the submission contains the findings of Mr. Kannry's "website search . . . of Liberty Mutual Flood Insurance Claims" (Kannry Affidavit, sworn to April 30, 2015, at para. 3), and documents relating to Liberty Mutual's internal claims process, which further support Defendant's motion for summary judgment.

4. The submission demonstrates and confirms that Plaintiffs' claim results from the handling and adjustment of their flood insurance claim, and falls squarely within federal flood insurance case law. *Jacobson v. Metropolitan Prop. & Cas.*, 672 F.3d 171 (2d Cir. 2012), makes clear that not only are Plaintiffs' claims subject to the strict construction of the NFIP, but that there can be no claim of waiver and estoppel in the context of claims for federal funds. Further, there can be no claim of detrimental reliance where Plaintiff's flood policy declarations page expressly indicates the existence of a basement.

5. Plaintiffs submission refers to correspondence and forms relative to Liberty's internal claims adjustment process, all of which confirm that the litigation deals squarely with the handling and adjustment of Plaintiffs' flood claim, and therefore subject to the strictures of federal law.

6. Nothing in Plaintiffs' submission relieves the Plaintiffs of their obligations to timely file a pre-suit proof of loss, to cooperate with the NFIP adjuster in the adjustment of their claim, or to be bound by the conditions precedent to filing suit as outlined in the SFIP. The entire dispute involves the question of whether or not a basement existed within the meaning of

the flood policy. All of the claims adjustment documents confirm that and add that claim was still in the adjustment process when Plaintiffs refused to allow the Special Assist NFIP adjuster access to the premises to make a dispositive determination.

7. Plaintiffs' claims are governed exclusively by federal law as there is no genuine issue of fact that Plaintiffs have sued over the handling of their flood claim. Any state-law based and extra contractual claims are barred and preempted by federal law, and any claims of waiver and estoppel are unsupported by any legally binding precedent. It is undisputed at the close of all submissions that Plaintiffs

- failed to submit a signed and sworn proof of loss prior to filing suit;
- failed to cooperate with the adjustment of their claim; and
- are limited by the basement exclusion of the SFIP.

As such, the cross motion must be denied in its entirety.

8. WHEREFORE, Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, respectfully requests that this Honorable Court issue an Order granting Defendant's motion for summary judgment and dismissing Plaintiffs' cross motion and claims in their entirety.

Dated: New York, New York
May 8, 2015

/s/ _____
GAIL M. KELLY

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2015, I served a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL SUBMISSION dated May 8, 2015, upon the following attorneys for the parties in the above-captioned case via electronic mail at the addresses shown below, being the addresses designated by said attorneys for that purpose.

    Jack S. Kannry, Esq.
    WARSHAW BURSTEIN, LLP
    555 Fifth Avenue
    New York, NY 10017
    Tel: 212-984-7720
    Email: jkannry@wbcsk.com
    **Attorneys for Plaintiffs, JACK S. KANNRY and JOYCE F. KANNRY**

                                  /s/ *Gail M. Kelly*
                                      Gail M. Kelly